UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kyle Murphy,                                              Case No. 5:16-cv-2315

    Petitioner,

v.                                                         MEMORANDUM OPINION
                                                           AND ORDER

John Coleman[1], Warden,

    Respondent.

## I. INTRODUCTION

Petitioner Kyle Murphy seeks a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction on charges of rape, attempted rape, and endangering children in the Stark County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Thomas M. Parker reviewed Murphy's petition and the arguments of the parties pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 10). Murphy has filed timely objections to Judge Parker's Report and Recommendation. (Doc. No. 11). For the reasons stated below, I overrule Murphey's objections and adopt Judge Parker's Report and Recommendation.

## II. BACKGROUND

On January 15, 2015, a jury found Murphy guilty of two counts of rape, in violation of Ohio Revised Code § 2907.02(A)(1)(b), and one count of endangering children, in violation of Ohio

---

[1] Coleman previously was the Warden at the Toledo Correctional Institution in Toledo, Ohio ("ToCI"). According to the website of the Ohio Department of Rehabilitation and Correction, Sean Bowerman currently is the Warden at ToCI, and Murphy currently is incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio, where the Warden is Christopher LaRose.

Revised Code § 2919.22(B)(1)(E)(2)(D). The trial court subsequently sentenced Murphy to life in prison without the possibility of parole on both counts of rape and a term of eight years on the endangering-children count, to be served consecutively.

Murphy appealed, arguing the evidence presented at trial was insufficient to support his rape convictions. *Ohio v. Murphy*, No. 2015CA00024, 2015 WL 8467756 (Ohio Ct. App. December 7, 2015). The Fifth District Court of Appeals of Ohio affirmed in part and reversed in part. The court concluded the medical evidence and witness testimony was sufficient to support Murphy's conviction for rape by fellatio. *Id.* at *6-8.

The appellate court reversed the trial court decision on Count Two, which charged Murphy with vaginal or anal rape, after concluding the evidence was insufficient to prove the essential element of penetration. *Id.* at *6. The appellate court determined "the evidence was sufficient to prove attempted vaginal and/or anal rape," modified the judgement to "reflect a verdict of guilty on the lesser included offense of attempted rape," and remanded the case back to the trial court of resentencing on that count only. *Id.*

The Supreme Court of Ohio declined to accept jurisdiction of Murphy's appeal. On remand, the trial court sentenced Murphy to a term of 11 years on the lesser-included charge of attempted rape and again sentenced Murphy to life in prison without the possibility of parole on Count One and a term of 8 years on Count Three.

Murphy must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. 28 U.S.C. § 2254(e)(1). Murphy appears to object to these factual findings, arguing "the state factual findings cannot find legitimacy by merely recounting those findings as is done by [R]espondent and in some instances by the Report and Recommendation of the Magistrate [Judge]." (Doc. No. 11 at 2-3). This "legitimacy," however, is precisely what the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates. *See, e.g., Bowling v. Parker*, 344 F.3d 487,

497 (6th Cir. 2003) ("[T]he findings of a state court are presumed to be correct and can only be contravened if [the petitioner] can show by clear and convincing evidence that they are erroneous.")

Murphy fails to present evidence which could show Judge Parker's recitation of the factual and procedural background of this case was incorrect and I adopt those sections of the Report and Recommendation in full. (Doc. No. 10 at 2-5).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

3

Murphy states one ground for relief, that he "was denied his due process rights to a fair trial under the Fourteenth Amendment to the Constitution of the United States because there was insufficient evidence of fellatio or sexual conduct from which a jury could reasonably return a verdict of guilty and the trial court should have sustained the defense counsel's timely and repeated Motions for Judgment of Acquittal." (Doc. No. 1-1 at 5).

Judge Parker recommends I conclude Murphy's challenge to the sufficiency of the evidence underlying his conviction lacks merit and must be denied. (Doc. No. 10 at 8-17). Murphy objects, arguing the evidence against him was insufficient because witness testimony did not establish all of the essential elements of the crimes, there was no physical evidence linking him to the crime, and modifying his conviction on Count Two to reflect guilt of a lesser-included offense is "contrary to Ohio law". (Doc. No. 11 at 2-9).

**A. SUFFICIENCY OF THE EVIDENCE**

A habeas petitioner's insufficient-evidence claims are subject to two layers of deference. On direct appeal, the "reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (citation omitted). Then, during habeas proceedings, the federal court may overturn the state court's decision "only if the state court was objectively unreasonable." *Id.* (citation and internal quotation marks omitted).

The state appellate court correctly applied the *Jackson v. Virginia* standard for evaluating sufficiency of the evidence claims. *Jackson v. Virginia*, 443 U.S. 307 (1979). Juries have "broad discretion in deciding what inferences to draw from the evidence presented at trial, [and federal law requires] only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

4

### 1. Count Two

Murphy contends Judge Parker improperly minimized evidence demonstrating the injuries to the victim's anogenital area, which were charged in Count Two, could have been caused by a non-sexual act or, more precisely, the absence of evidence demonstrating the injuries were caused by a sexual act: "Isn't it just as reasonable to assume the injury occurred after 6:00 a.m. and before 12:00 p.m. and that the child suffered such an injury as a result of a non-sexual act, i.e. straddle injury or felonious assault?" (Doc. No. 11 at 8).

Murphy's objections to Judge Parker's analysis concerning the state court's conclusions regarding Count Two are grounded in reasonable doubt, rather than an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). The jury heard evidence that the trauma to the victim's anogenital area was consistent with sexual conduct and that the trauma was unlikely to have been caused in any other manner because, at 11 months old, it was implausible to think the victim could have suffered a straddle injury, which results an individual runs and lands on a hard object or surface with the individual's legs spread apart. *Ohio v. Murphy*, 2015 WL 8467756, at *4-6.

Murphy also argues it was unreasonable for the court of appeals to conclude there was sufficient evidence to support a conviction for attempted rape when there was no evidence of penetration in the record. (Doc. No. 11 at 7). Murphy's argument misses the mark. If there was evidence of penetration, the court of appeals would have upheld Murphy's conviction for rape. *See, e.g., Ohio v. Wells*, 740 N.E.2d 1097, 1100 (Ohio 2001) ("[T]here is sufficient evidence of anal intercourse, for purposes of the crime of anal rape under R.C. 2907.02, where the trier of fact finds that the defendant penetrated, however slightly, the victim's anus with any part of the defendant's body, or with any instrument, apparatus, or other object."). If the evidence shows the defendant attempted to "penetrate the victim's anus, and, for whatever reason, fails to do so and makes contact only with [the area around the victim's anus], there is sufficient evidence to prove the defendant

guilty of the crime of attempted anal rape." *Id.* There was evidence in the record which demonstrates Murphy made contact with the victim's anogenital area, even if there is not evidence he penetrated the victim's vagina or anus.

Murphy fails to show the court of appeals acted in a manner that was objectively unreasonable when it concluded the evidence, viewed in the light most favorable to the prosecution, was sufficient to prove attempted vaginal or anal rape. *Id.* at *6 (citing *Ohio v. Lee*, 2004 WL 2341716 at *6 (Ohio Ct. App. Oct. 19, 2004), and *Wells*, 740 N.E.2d at 1100).

**2. Count One**

Murphy also objects to Judge Parker's recommendation concerning Count One, which charged Murphy with rape, fellatio, in violation of Ohio Revised Code § 2907.02(A)(1)(b).

Dr. Richard Steiner, D.O. of Akron Children's Hospital who treated the victim, testified the victim had injuries to the back of her throat and to her mouth. Dr. Steiner testified the abrasions around the victim's mouth were "rather symmetric, distributed fairly evenly around the entire mouth, and so there would have been something that abraded or penetrated into the mouth against [the victim's] resistance to keep that object out of her mouth." *Ohio v. Murphy*, 2015 WL 8467756, at *7. He also testified the injury to the back of the victim's throat most commonly results from one of two causes: when a child runs around with a pencil or toothbrush in their mouth and they trip and fall, sending the pencil or toothbrush into the back of the throat, or as the result of trauma from a sexual act. *Id.*

Murphy claims the jury could only speculate as to what caused the injury to the victim's throat. His argument ignores the record evidence as well as his burden in federal habeas proceedings. The record includes testimony that there was "significant bruising to the child's head and face," including behind her ears. *Ohio v. Murphy*, 2015 WL 8467756, at *7. These injuries were on "both sides of the head and to symmetrical locations." *Id.* Dr. Steiner testified the abrasions

6

were not consistent with blisters from a viral infection the victim had a month prior to the crime. (Doc. No. 7-2 at 61-63). Moreover, the trauma to the victim's anogenital area demonstrates the perpetrator engaged in sexual contact with the victim. Ohio Rev. Code § 2907.01(B).

While it is unsurprising that the record does not contain evidence regarding exactly what object was inserted into the 11-month-old victim's mouth, the symmetric and evenly-distributed abrasion around the victim's mouth, the bruising on her head and face, and the evidence of other sexual activity, taken collectively, is sufficient evidence to permit a rational juror to reasonably infer the "ultimate fact" that Murphy caused the abrasions and the injury to the victim's throat when he forcibly inserted his penis into the victim's mouth. *Coleman*, 566 U.S. at 655.

Murphy fails to show it was unreasonable for the state appellate court to conclude a rational juror could have determined there was proof beyond a reasonable doubt of each essential element of the crimes, when viewing the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. Therefore, I overrule his objections.

### B. OHIO REVISED CODE § 2943.09

Murphy also argues the state appellate court violated Ohio law by vacating his conviction on Count Two and modifying that conviction to the lesser-included offense of attempted rape. (Doc. No. 11 at 9). He asserts the appellate court "[i]n effect . . . granted [his] request for a judgment of acquittal" on Count Two, and that state law prohibits the retrial of a criminal defendant after a motion for judgment of acquittal has been granted. (*Id.*).

Murphy's argument falls short. While the court of appeals sustained his assignment of error, it did not grant a judgment of acquittal. Instead, it modified "the judgment entered by the trial court to reflect a verdict of guilty on the lesser included offense of attempted rape," and remanded for resentencing. *Ohio v. Murphy*, 2015 WL 8467756, at *6. Murphy was not indicted again, charged with an information, or subject to re-trial concerning Count Two. *Cf.* Ohio Rev. Code § 2943.09.

7

He was not subject to successive prosecutions or to multiple punishments and therefore his arguments are not persuasive.  *See, e.g., Hargrove v. Ohio Dep't of Rehab. & Corr.*, No. 1:08-cv-00669, 2010 WL 518176, at *5-6 (S.D. Ohio Feb. 3, 2010).

## V.  CONCLUSION

For the reasons stated above, I overrule Murphy's objections, (Doc. No. 11), to Judge Parker's Report and Recommendation, (Doc. No. 10), and adopt the Report and Recommendation in full.  I deny Murphy's petition for a writ of habeas corpus.

Further, Murphy has not made a "substantial showing of the denial of a constitutional right" and I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge