UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kyle Murphy,                                                                              Case No. 5:16-cv-2315

                Petitioner,

v.                                                                                 MEMORANDUM OPINION
                                                                                                 AND ORDER

Michael Phillips[1], Warden,

                Respondent.

## I. INTRODUCTION

Petitioner Kyle Murphy seeks reconsideration of my order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction on charges of rape, attempted rape, and endangering children in the Stark County, Ohio Court of Common Pleas. (Doc. No. 15). Respondent has not filed a brief in response. For the reasons stated below, I deny Murphy's motion.

## II. BACKGROUND

I briefly summarized the factual and procedural background of this case in my opinion overruling Murphy's objections to Magistrate Judge Thomas M. Parker's Report and Recommendation:

> On January 15, 2015, a jury found Murphy guilty of two counts of rape, in violation of Ohio Revised Code § 2907.02(A)(1)(b), and one count of endangering children, in

---

[1] Murphy currently is incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio, where the Warden is Michael Phillips. *See* Fed. Civ. R. 25(d).

violation of Ohio Revised Code § 2919.22(B)(1)(E)(2)(D). The trial court subsequently sentenced Murphy to life in prison without the possibility of parole on both counts of rape and a term of eight years on the endangering-children count, to be served consecutively.

Murphy appealed, arguing the evidence presented at trial was insufficient to support his rape convictions. *Ohio v. Murphy*, No. 2015CA00024, 2015 WL 8467756 (Ohio Ct. App. December 7, 2015). The Fifth District Court of Appeals of Ohio affirmed in part and reversed in part. The court concluded the medical evidence and witness testimony was sufficient to support Murphy's conviction for rape by fellatio. *Id.* at *6-8.

The appellate court reversed the trial court decision on Count Two, which charged Murphy with vaginal or anal rape, after concluding the evidence was insufficient to prove the essential element of penetration. *Id.* at *6. The appellate court determined "the evidence was sufficient to prove attempted vaginal and/or anal rape," modified the judgement to "reflect a verdict of guilty on the lesser included offense of attempted rape," and remanded the case back to the trial court of resentencing on that count only. *Id.*

The Supreme Court of Ohio declined to accept jurisdiction of Murphy's appeal. On remand, the trial court sentenced Murphy to a term of 11 years on the lesser-included charge of attempted rape and again sentenced Murphy to life in prison without the possibility of parole on Count One and a term of 8 years on Count Three.

(Doc. No. 12 at 1-2).

I rejected Murphy's insufficient-evidence arguments and denied his request for a certificate of appealability. (*Id.*). Murphy claims I "committed a manifest error of law" in rejecting his sufficiency-of-the-evidence claim on Count One and in denying his request for a certificate of appealability. (Doc. No. 15 at 3-8).

### III.  STANDARD

The Federal Rules of Civil Procedure permit a party to file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). "Under Rule 59, 'a district court may alter a judgment . . . based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) (quoting *Nolfi v. Ohio Ky.*

*Oil Corp.,* 675 F.3d 538, 551–52 (6th Cir. 2012)). Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977)).

## IV. DISCUSSION

Murphy's argument is two-fold. First, he argues I committed a clear error in granting deference to the Fifth District Court of Appeals' rejection of his sufficiency-of-the-evidence assignment of error on Count One. Murphy claims the sufficiency-of-the-evidence standard Ohio courts apply, as stated in *Ohio v. Grewell*, 543 N.E.2d 93 (Ohio 1989), is contrary to and involves an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), because "[t]he actual application of *Jackson* in the Ohio courts is 'the state presented evidence, [and] that is sufficient.'" (Doc. No. 15 at 4). Second, Murphy argues I made a clear error in concluding he failed to show the appellate court's affirmation of his conviction on Count One was objectively unreasonable. (*Id.* at 4-6). Neither part of Murphy's argument is persuasive.

Murphy's argument concerning *Grewell* is a red herring. It is true that the *Grewell* court did not discuss *Jackson* in reaching its terse conclusion that there was sufficient evidence to sustain the defendant's conviction because "[t]he state presented substantive evidence on all four counts going to each element of the crime charged." *Grewell*, 543 N.E.2d at 99. The Fifth District, however, made no mention of *Grewell*. Instead, it relied on *Ohio v. Carter*, 651 N.E.2d 965 (Ohio 1995), and *Ohio v. Thompkins*, 678 N.E.2d 541 (Ohio 1997) – both of which correctly identify *Jackson* as setting forth the controlling standard. *See Carter*, 651 N.E.2d at 974 ("In analyzing issues of sufficiency of

evidence, a reviewing court must view the evidence 'in the light most favorable to the prosecution,' and ask whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson*, 443 U.S. at 319)). *See also Thompkins*, 678 N.E.2d at 546 (citing *Tibbs v. Florida*, 457 U.S. 31, 45 (1982), and *Jackson*, 443 U.S. 307); *Ohio v. Jenks*, 574 N.E.2d 492, 498 (Ohio 1991) (quoting *Jackson*).

A habeas petitioner must prove the court charged with reviewing his conviction reached a decision that was contrary to or involved an unreasonable application of federal law, not that another court reviewing another defendant's conviction might have committed an error. *See Coleman v. Johnson*, 566 U.S. 650, 656 (2012) ("The state court of last review [concluded the evidence was sufficient to establish the essential elements of the offense], and that determination in turn is entitled to considerable deference under AEDPA, 28 U.S.C. § 2254(d)."). Murphy offers no basis for his insinuation that the Fifth District's resolution of his claim on appeal is tainted by some ostensible error in *Grewell*.

The second portion of Murphy's argument fares no better. He begins by claiming it is "the state's theory of conviction . . . that is subject to review under *Jackson* and which fails that review." (Doc. No. 15 at 4). This contention is unsupportable. The Constitution requires that a jury must find "the <u>essential elements of the crime</u> beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis added). By contrast, the Constitution does not assign to the prosecution "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt . . . ." *Id.* at 326. It is the evidence that is relevant, not the prosecution's hypothesis.

Next, Murphy asserts no rational jury could have concluded the tear in the victim's oropharynx was caused by Murphy inserting his penis in the victim's mouth, because the medical evidence could not conclusively verify that cause, and that I committed a clear error by concluding

4

otherwise. Murphy cannot obtain the result he desires, however, simply by ignoring the evidence he does not like:

> Dr. Richard Steiner, D.O. of Akron Children's Hospital who treated the victim, testified the victim had injuries to the back of her throat and to her mouth. Dr. Steiner testified the abrasions around the victim's mouth were "rather symmetric, distributed fairly evenly around the entire mouth, and so there would have been something that abraded or penetrated into the mouth against [the victim's] resistance to keep that object out of her mouth." *Ohio v. Murphy*, 2015 WL 8467756, at *7. He also testified the injury to the back of the victim's throat most commonly results from one of two causes: when a child runs around with a pencil or toothbrush in their mouth and they trip and fall, sending the pencil or toothbrush into the back of the throat, or as the result of trauma from a sexual act. *Id.*

(Doc. No. 12 at 6).

The Fifth District concluded Murphy's conviction for Rape, Fellatio, in violation of Ohio Revised Code 2907.02(A)(1)(b) was supported by sufficient evidence based upon Dr. Steiner's testimony that the abrasions on the victim's mouth were caused by something being forced into her mouth, "the evidence pertaining to the trauma to [the victim's] anogenital region . . . and the entire record regarding [Murphy's] reactions and statements." *Ohio v. Murphy*, 2015 WL 8467759 at *8.

I previously concluded "[t]he state appellate court correctly applied the *Jackson v. Virginia* standard for evaluating sufficiency of the evidence claims," and that the Fifth District Court of Appeals reasonably concluded "a rational juror could have determined there was proof beyond a reasonable doubt of each essential element of the crimes, when viewing the evidence in the light most favorable to the prosecution." (Doc. No. 12 at 4, 7). Murphy fails to establish either conclusion was erroneous.

Murphy failed to show "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He also fails to show I made a clear error in denying his request for a certificate of appealability.

5

## V. CONCLUSION

For the reasons stated above, I deny Murphy's motion to alter or amend the judgment against him. (Doc. No. 15).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge